UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                              CASE NO: 2:15-cr-156-FtM-29CM

SIMS JEROME COLLINS

_____

### OPINION AND ORDER

On May 31, 2016, United States Magistrate Judge Carol Mirando submitted a Report and Recommendation (Doc. #47) to the Court recommending that Defendant's Motion to Suppress Evidence (Doc. #21) be denied.  Defendant's Objections to Report and Recommendation (Doc. #55) was filed on July 15, 2016.  The United States' Response (Doc. #56) to the Objections was filed on July 21, 2016, to which defendant filed a Reply (Doc. #57) on July 22, 2016.  The United States' Motion to Strike (Doc. #58) the Reply was filed on July 22, 2016.[1]

### I.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010).  A district judge "shall make a *de novo* determination of

---

[1] Although the time to respond has not yet expired, the parties will not be prejudiced by the Court ruling on this motion.

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, at 2 (1976), reprinted in 1976 U.S.C.C.A.N. 6162, 6163). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994). A district court may not reject the credibility determinations of a magistrate judge without personally rehearing disputed testimony from the witness. Powell, 628 F.3d at 1256-58.

**II.**

**A. Factual Findings**

The Court accepts and adopts the procedural history and factual findings set forth in the Report and Recommendation (Doc. #47, pp. 1-14), as supplemented below. In brief, a state court arrest warrant had been issued for defendant for violation of probation. Law enforcement officers with the Clewiston Police Department (CPD) observed defendant park a silver Infiniti on the county easement portion of the front lawn of a residence in the Harlem area of town, exit the vehicle, and walk towards the front

- 2 -

of a house while being preoccupied with a cell phone.  Officers approached defendant, and one of the officers told defendant that there was a warrant for his arrest and instructed him to get on the ground with his hands behind his back.  After a momentary delay, defendant did so.  Defendant was handcuffed and searched, and certain items were seized from his person.  Defendant was then placed inside a locked police vehicle, and shortly thereafter was removed from the scene and driven to jail.

About fifteen or twenty minutes after defendant's arrest, and after defendant had been removed from the area, one of the officers walked his canine around the outside of the Infiniti.  The canine sniff at the passenger side of the Infiniti produced a positive reaction for the presence of drugs.  The officers decided not to search the vehicle at the site because it was not a safe area to do so.  Additionally, the owners of the property on which the vehicle was parked asked that the vehicle be removed.  Using keys obtained from defendant, an officer drove the vehicle to the police station, where it was searched without a warrant and various items of contraband were retrieved.  While at the police station, defendant made various statements to officers.

**B. Conclusions of the Magistrate Judge**

The magistrate judge concluded that the warrantless seizure and search of the Infiniti was permissible under the automobile exception to the search warrant requirement, but rejected the

government's alternative inventory exception argument. The magistrate judge also concluded that the deputies had probable cause to arrest defendant, and thus there was no derivative violation of his Fourth Amendment right against an unlawful seizure. Finally, the magistrate judge found that defendant's statements were not the result of custodial interrogation, and therefore should not be suppressed.

### C. Objections to Report and Recommendation

Defendant objects to the magistrate judge's finding that the search of the Infiniti and related seizures were permissible under the automobile exception to the Fourth Amendment. Defendant specifically agrees with the magistrate judge's conclusion that the inventory search exception is not applicable.

The United States filed no objections to the Report and Recommendation, but opposes defendant's position that the automobile exception does not apply. The United States also re-asserts its inevitable discovery argument, which was not addressed in the Report and Recommendation.

### III.

### A.  Motion to Strike

The United States moves to strike defendant's Reply to its Response as not being permitted by the Court's rules. The Reply discusses the government's assertion that the inevitable discovery doctrine applies, which was addressed in the government's Response

and was not a part of the Report and Recommendation or the Objections.  The Court will therefore allow defendant's Reply to remain filed.  The Motion to Strike is denied.

**B. Fourth Amendment Issues**

The Fourth Amendment to the United States Constitution provides in relevant part that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause."  U.S. Const. amend IV.  The Court starts with the basic proposition that a search or seizure conducted without a judicial warrant is *per se* unreasonable under the Fourth Amendment.  <u>City of Los Angeles v. Patel</u>, 135 S. Ct. 2443, 2452 (2015).  There are certain recognized exceptions to this rule, and a warrantless search or seizure is reasonable only if it falls within a recognized exception.  <u>Id.</u>; <u>Missouri v. McNeely</u>, 133 S. Ct. 1552, 1558 (2013).  The government bears the burden of establishing that the case falls within one of the exceptions and that the search and seizure was in fact reasonable. <u>United States v. Bachner</u>, 706 F.2d 1121, 1126 (11th Cir. 1983).

Defendant stopped driving the Infiniti on his own volition, without involvement of the officers, and therefore the Fourth Amendment was not implicated when the vehicle stopped.  Defendant was properly arrested pursuant to the state arrest warrant, and

the seizure of items from his person was clearly proper as incident to his lawful arrest. Arizona v. Gant, 556 U.S. 332, 339 (2009). The seizure and search of the Infiniti, however, cannot be justified under the search incident to arrest exception. Id. The government does not assert otherwise, but instead relies on the "automobile exception" and, alternatively, the "inventory exception" to the warrant requirement.

### (1)   Automobile Exception to Warrant Requirement

Under the automobile exception to the Fourth Amendment, police are permitted to search a vehicle if the vehicle is readily mobile and probable cause exists to believe the vehicle contains contraband or evidence of a crime. Maryland v. Dyson, 527 U.S. 465, 467 (1999); United States v. Lindsey, 482 F.3d 1285, 1293 (11th Cir. 2007); United States v. Tamari, 454 F.3d 1259, 1261 (11th Cir. 2006). The "readily mobile" requirement is satisfied if the automobile is operational. Lindsey, 482 F.3d at 1293; United States v. Birdsong, 982 F.2d 481, 483 (11th Cir. 1993) ("[O]fficers may conduct the warrantless search even after the vehicle is impounded and in police custody . . . ."). Ready mobility and probable cause are the "only two questions that must be answered in the affirmative before authorities may conduct a warrantless search of an automobile." United States v. Watts, 329 F.3d 1282, 1286 (11th Cir. 2003). No separate exigency is required. Dyson, 527 U.S. at 466-67. The Supreme Court has

referred to the automobile exception as being part of "a limited class of traditional exceptions to the warrant requirement that apply categorically and thus do not require an assessment of whether the policy justifications underlying the exception, which may include exigency-based considerations, are implicated in a particular case." McNeely, 133 S. Ct. at 1559 n.3 (citations omitted).

Police have probable cause to search a vehicle "when under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle." Lindsey, 482 F.3d at 1293 (citation omitted). The parties do not contest the existence of probable cause based on the positive reaction of the drug dog to the passenger door of the vehicle, and so at the time the vehicle was seized, probable cause existed.

The magistrate judge found that the readily mobile requirement was satisfied by the inherent mobility of any automobile which reasonably appears capable of functioning. It was factually undisputed that the Infiniti was operational, and the magistrate judge found that the fact that defendant was under arrest and incapable of driving the vehicle away was inconsequential to the applicability of the automobile exception. (Doc. #47, pp. 16-17.) Defendant objects, asserting that the

magistrate judge misconstrued his argument and reached the wrong conclusion as to the automobile exception. (Doc. #55, pp. 4-13.)

The magistrate judge believed defendant's argument was that the Infiniti was incapable of mobility because defendant had been subdued and handcuffed before the search occurred.  (Doc. #47, p. 16.)  Defendant asserts, however, that he did not argue that the Infinity was immobile because **he** was immobilized.  Rather, defendant argues that the Infiniti itself had been rendered not readily mobile by the decision of the officers to physically remove the vehicle to the police station in derogation of the Sheriff's inventory policy, the decision to have an officer drive the vehicle to the police station, and the implementation of those decisions. In short, defendant argues:  "In the matter at bar, while the Infiniti was fully operational, it was nonetheless rendered readily immobile by the decisions and the actions of the police." (Doc. #55, p. 16.)

The Court accepts defendant's phrasing of his argument, and after *de novo* review finds that it is contrary to existing law. A functioning vehicle is considered to be "mobile" even if it already has been secured by the police.  Michigan v. Thomas, 458 U.S. 259, 261 (1982) (explaining that officers may conduct a warrantless search of an automobile even after the vehicle is impounded and in police custody); Birdsong, 982 F.2d at 483 (holding that automobile exception applied even though the

defendant already had been taken into custody and the police were in possession of his car keys); United States v. Garcia, 433 F. App'x 741, 744 (11th Cir. 2011) (same).  The Eleventh Circuit found the automobile exception to be applicable in circumstances virtually identical to this case in United States v. Williams, 476 F. App'x 373, 375 (11th Cir. 2012), which the Court finds persuasive.  Thus, the officers' decisions and the delivery of the vehicle to the police station did not negate ready mobility for purposes of the automobile exception.  This portion of the Report and Recommendation is accepted.

   (2)   **Inventory Exception to Warrant Requirement**

   The Eleventh Circuit has recently summarized the legal principles for a valid inventory search:

> To satisfy the so-called inventory search exception to the warrant requirement, the government bears the burden to demonstrate that the officers possessed the authority to impound the vehicle and followed departmental policy in conducting the search.  "[A] law enforcement officer may impound the vehicle, so long as the decision to impound is made on the basis of standard criteria and on the basis of something other than suspicion of evidence of criminal activity."  If the vehicle has been impounded lawfully, an officer may conduct an inventory search, including a search of closed containers, "provided the search is conducted pursuant to standardized criteria."  Although inventory searches cannot serve as pretext, "the mere expectation of uncovering evidence will not vitiate an otherwise valid inventory search."

United States v. Witten, --- F. App'x ---, No. 14-14692, 2016 WL 2803047, at *6 (11th Cir. May 3, 2016) (internal citations omitted).  Here, the magistrate judge found that the vehicle was properly impounded, but that there was not a lawful inventory search.  Neither party has objected to these conclusions, and after *de novo* review the Court agrees with them.  While not every deviation from policy results in an improper inventory search, the magistrate judge found that the search was conducted for the purposes of a criminal investigation and not an inventory of property.  This conclusion is supported by the record evidence.

### C. Inevitable Discovery

The Court rejects the government's alternative argument that inevitable discovery would preclude suppression even if the Infiniti was unlawfully seized and searched.  Under the inevitable discovery doctrine, the government may introduce evidence that was obtained by an illegal search if the government can establish a reasonable probability that the evidence in question would have been discovered by lawful means and that lawful means were being actively pursued prior to the occurrence of the illegal conduct. United States v. Johnson, 777 F.3d 1270, 1274 (11th Cir. 2015). The inevitable discovery doctrine rests upon the principle that the remedial purposes of the exclusionary rule are not served by suppressing evidence discovered through a "later, lawful seizure"

that is "genuinely independent of an earlier, tainted one."
Hudson v. Michigan, 547 U.S. 586, 616 (2006) (emphases omitted).

Here, the government relies upon the inventory by the officers as the conduct which brings this case within the inevitable discovery doctrine. The Court has held, without objection, that the inventory exception does not apply. The government points to no other lawful actions which would trigger the inevitable discovery doctrine.

Accordingly, it is now

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. #47) is accepted and adopted, and it is specifically incorporated into this Opinion and Order.

2. Defendant's Motion to Suppress Evidence (Doc. #21) is **DENIED**.

3. The Motion to Strike (Doc. #58) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of August, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Carol Mirando
Counsel of Record
DCCD